UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TESSA BRADLEY and TYRELL BRADLY, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, an insurance company doing business in Washington,<br><br>Defendant. | CASE NO. 3:23-cv-5458-RSL<br><br>ORDER DENYING MOTION TO EXCLUDE PLAINTIFF'S CLAIMS HANDLING EXPERT |

This matter comes before the Court on defendant's "Motion to Exclude Plaintiff's Claims Handling Expert" filed Oct. 24, 2025 (Dkt. # 20); defendant's reply filed Nov. 14, 2025 (Dkt. # 29); plaintiffs' response filed Nov. 17, 2025 (Dkt. # 30); and defendant's second reply filed Nov. 19, 2025 (Dkt. # 34). Having reviewed the motions and related declarations (Dkts. # 21, # 31, # 32), as well as the record herein, the Court DENIES defendant's motion for the reasons explained below.

**I.     The Court Will Allow Plaintiff's Untimely Response**

Defendant filed its motion to exclude on Oct. 24, 2025. Dkt. # 20. Defendant's motion is not a *Daubert* motion, but rather a motion to exclude plaintiffs' claims handling

expert, Jack Thomas, based on "the failure of his report to comply with the disclosure requirements of Rule 26(a)(2)(B)." Dkt. # 20 at 1. Thus, the briefing schedule for defendant's motion was governed by LCR 7(d)(3) and plaintiffs' response was due by Nov. 10, 2025.

Defendant filed a reply on Nov. 14, 2025, noting that plaintiff had failed to respond and arguing that plaintiffs' failure to respond is sufficient basis to grant defendant's motion to exclude. Dkt. # 29 at 2 (citing LCR 7(b)(2)). Plaintiffs then filed a response on Nov. 17, 2025, and asserted, incorrectly, that their response was timely. Dkts. # 30, # 33 at ¶ 5, # 34 at 1. As defendant notes, it appears that plaintiffs relied on the *former* Local Civil Rules when concluding that their response was timely. Dkt. # 34 at 1. Although the Court could grant defendant's motion based solely on plaintiffs' failure to timely file their response, the Court will allow plaintiffs' untimely response in this instance and trusts that counsel will not make this mistake again. LCR 7(b)(2).[1]

## II.  Although Borderline, the Report from Plaintiffs' Expert Will Be Allowed

As defendant explains:

Rule 26(a)(2)(B) requires that all retained experts produce a report containing a "complete statement" of all opinions the witness will express as well as: (i) "the basis and reasons for them"; (ii) "the facts or data considered by the witness in forming them"; (iii) "any exhibits that will be used"; (v) a "list of all other cases in which, during the previous 4 years, the witness testified as an expert"; and

---

[1] Plaintiffs' argument that defendant's motion to exclude should be denied based on defendant's failure to meet and confer lacks merit. Dkt. # 30 at 1. The meet and confer requirement does not apply to defendant's motion. *Compare* Fed. R. Civ. P. 37(a)(1) *with* 37(c)(1). *See also Earsley v. State Farm Ins. Co.*, No. 2:22-CV-01379-JHC, 2023 WL 4574844 (W.D. Wash. July 18, 2023). Further, plaintiffs' citations to the LCRs are inapposite. Dkt. # 30 at 1.

   (vi) "a statement of the compensation to be paid for the study and testimony in the case." Rule 26(a)(2)(B), Fed. R. Civ. P.

Dkt. # 20 at 1:22–2:1. Defendant argues that "[t]he report produced by Plaintiff's purported claims handling expert, Jack Thomas, contains none of this information." Mr. Thomas's report is indeed riddled with conclusory statements. *See Nelson v. Thurston Cnty.*, No. C18-5184RSL, 2022 WL 4652376, at *3 (W.D. Wash. Sept. 30, 2022) (conclusory statements are inadequate). However, the report does broadly state that in Mr. Thomas's opinion, based on his experience as a professional adjuster and the facts of this case, defendant violated unspecified provisions of WAC 284-30-330. Dkt. # 21-10 at 4–5 ("I could quote the regulations and explain the violations; however they constitute violations of over half of the Regulations, if not more."). Mr. Thomas's report also appears to provide some reasons for this opinion. For example, his report states: "When the insureds submitted their claim with Proof of Loss many months after the event, Safeco essentially ignored the submission. Safeco's regulatory obligation was to provide a response to the claim." Dkt. # 21-10 at 5.

   The Court agrees with defendant that Mr. Thomas's report lacks exhibits that will be used to summarize or support his opinions; a list of all publications authored by Mr. Thomas in the previous 10 years; a list of all other cases in which, during the previous four years, Mr. Thomas testified as an expert; and a statement of the compensation that Mr. Thomas is to be paid for his study and testimony. Dkts. # 20 at 1:22–2:1, # 21-10. However, the "Declaration of Jack Thomas" that was filed with plaintiffs' response on Nov. 17, 2025, brings his report into sufficient (though

ORDER DENYING MOTION TO EXCLUDE PLAINTIFF'S
CLAIMS HANDLING EXPERT - 3

hardly exemplary) compliance with Fed. R. Civ. P. 26(a)(2)(B), and the Court has already forgiven the untimeliness of plaintiffs' response. While plaintiffs' actions here are unimpressive, the Court finds that they are harmless with regard to defendant, and thus the automatic exclusion of Mr. Thomas's report is not warranted under Fed. R. Civ. P. 37(c).

### III. Conclusion

For all the foregoing reasons, defendant's "Motion to Exclude Plaintiff's Claims Handling Expert" (Dkt. # 20) is DENIED.

IT IS SO ORDERED.

Dated this 14th day of January, 2026.

                                              Robert S. Lasnik
                                              United States District Judge