UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TESSA BRADLEY and TYRELL
BRADLY, a married couple,

              Plaintiffs,

       v.

SAFECO INSURANCE COMPANY OF
AMERICA, an insurance company doing
business in Washington,

              Defendant.

CASE NO. 3:23-cv-5458-RSL

ORDER ON PLAINTIFFS' MOTION
TO COMPEL AND DEFENDANT'S
MOTION FOR PROTECTIVE ORDER

This matter comes before the Court on plaintiffs' "Motion to Compel Deposition" (Dkt. # 22); defendant's response (Dkt. # 27); plaintiffs' reply (Dkt. # 35); defendant's "Motion for Protective Order" (Dkt. # 26); plaintiffs' response (Dkt. # 37); and defendant's reply (Dkt. # 40). Having reviewed the motions and related declarations (Dkts. # 23, # 24, # 28, # 36), as well as the record herein, the Court GRANTS plaintiffs' "Motion to Compel Deposition" and GRANTS IN PART defendant's "Motion for Protective Order" for the reasons explained below.

ORDER ON PLAINTIFFS' MOTION TO COMPEL AND
DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 1

## I.   Background

The motions at issue concern plaintiffs' efforts to take the deposition of a representative of defendant Safeco Insurance Company of America under Fed. R. Civ. P. 30(b)(6).

## II.   Discussion

### A.  "Reasonable Particularity"

Defendant's motion for protective order (Dkt. # 26) and defendant's response to plaintiff's motion to compel (Dkt. #27) both rest on identical facts and contain identical arguments regarding the "reasonable particularity" requirement of Rule 30(b)(6) as it pertains to the topics listed in plaintiffs' "First Amended Notice of Deposition of Representative of Defendant." *Compare* Dkt. # 26 at 2:7–4:20, 4:22–7:16 *with* Dkt. # 27 at 2:9–4:21, 4:25–7:17. Defendant contends plaintiffs' proposed topics are "vague and overbroad," and thus fail to satisfy the "reasonable particularity" requirement. Dkt. # 26 at 4. Plaintiffs respond that "[i]t is certainly reasonable to expect Safeco to identify designee(s) that can testify about the issues arising from [plaintiffs'] claims." Dkt. # 37 at 4. The topics that plaintiffs listed in their "First Amended Notice of Deposition of Representative of Defendant" are:

1. Discovery in Bradley Matter;
2. Insurer Claims and Underwriting Files in Bradley Matter;
3. Insurer Claim Procedures in regards to Bradley Matter;
4. Insurer communications in regards to Bradley Matter;
5. Insure [sic] investigation of claims in the Bradley Matter;
6. Damages to the Insureds in Bradley Matter;
7. Insurer claims process in Bradley Matter;

8. Insurer policies and claims manuals applicable to Bradley Matter;

9. Training of Insurer personnel involved in Bradley Matter;

10. Insurer compliance with state regulations in the Bradley Matter;

11. Insurer coverage determination in the Bradley Matter;

12. Insurer communications with the Insureds or others in the Bradley Matter;

13. Insurer reserves in the Bradley Matter;

14. Third party involvement with the Insurer in the Bradley Matter;

15. Damage estimates by the Insurer in the Bradley Matter;

16. Settlement authority of Insurer adjusters in the Bradley Matter;

17. Document search by the Insurer in connection with discovery in the Bradley Matter; and

18. Other issues reasonably related to the allegations raised by Bradley in this lawsuit or pertaining to the Bradley Matter.

The "Bradley Matter" are issues arising out of Tessa Bradley and Tyrell Bradley's Safeco Claim No. 051726795 in connection with the Insurance Policy No. OH1681851 and the allegations and claims in the above captioned lawsuit. "The Insurer" is Defendant Safeco Insurance Company of America. "The Insureds" are Plaintiffs Tessa Bradley and Tyrell Bradley.

Dkt. # 36-3. Although plaintiffs' topics are tersely worded, they do not subject defendant to an "impossible task," Dkt. # 26 at 5:3, considering that this is an insurance dispute arising from a residential water damage claim filed by plaintiffs. *Klopman-Baerselman v. Air & Liquid Sys. Corp.*, No. 3:18-CV-05536-RJB, 2019 WL 5227332, at *3 (W.D. Wash. Oct. 16, 2019) (granting protective order as to two topics that were "substantially unclear" in the context of a lawsuit concerning asbestos products from 1960–1987). However, the Court does find that Topic 18, "Other issues reasonably related to the allegations raised by Bradley in this lawsuit or pertaining to the Bradley Matter," lacks "reasonable particularity." The Court will therefore grant defendant's motion for a protective order as to Topic 18. At the

ORDER ON PLAINTIFFS' MOTION TO COMPEL AND
DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 3

same time, the Court notes that *Klopman-Baerselman*, one of defendant's cited cases, states:

> Although there is conflicting case law from other circuits on the proper scope of a Rule 30(b)(6) deposition in light of its "reasonable particularity" requirement, districts in the Ninth Circuit have concluded that "[o]nce the witness satisfies the minimum standard [for serving as a designated witness], the scope of the deposition is determined solely by relevance under Rule 26, that is, that the evidence sought may lead to the discovery of admissible evidence." *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 367 (N.D. Cal. 2000); see also *U.S. E.E.O. V. v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006).
>
> Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense [and proportional to the needs of the case.]" The scope of discovery permissible under Rule 26 should be liberally construed; the rule contemplates discovery into any matter that bears on or that reasonably could lead to other matter that could bear on any issue that is or may be raised in a case. *Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 575 (N.D. Cal. 2008). Discovery is not limited to the issues raised only in the pleadings, but rather it is designed to define and clarify the issues. *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992).

No. 3:18-CV-05536-RJB, 2019 WL 5227332, at *2 (W.D. Wash. Oct. 16, 2019).

### B. Plaintiffs' Motion to Compel Deposition Is Not a Motion to Compel Documentary Discovery

Defendant contends that while plaintiffs' motion is titled "Motion to Compel Deposition," it instead "substantively requests an order compelling documentary discovery" and is therefore untimely. Dkt. # 27 at 7:20. The Court does not agree with defendant's characterization of plaintiffs' "Motion to Compel Deposition" and therefore need not analyze whether plaintiffs' motion violates the cutoff for discovery-related

ORDER ON PLAINTIFFS' MOTION TO COMPEL AND
DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 4

motions. The Court has already extended the deadline for plaintiffs' deposition of a representative of Safeco to Jan. 30, 2026 (pending this ruling). Dkt. # 45. As discussed above, plaintiffs may proceed with the deposition of Safeco's representative subject to the Court's partial granting of defendant's motion for protective order. To the extent that defendant's additional arguments in its response to plaintiffs' motion to compel, Dkt. # 27 at 9:18–12:13, are an attempt at persuading the Court to disallow deposition *topics* such as loss reserves in this matter, underwriting files in this matter, claims procedures in matter, or any other topic contained in Topics 1–17 of plaintiffs' "First Amended Notice of Deposition of Representative of Defendant," the Court re-states that deposition topics 1–17 are allowed.

### III.    Conclusion

For all the foregoing reasons, the Court GRANTS plaintiffs' "Motion to Compel Deposition" (Dkt. # 22) and GRANTS IN PART defendant's "Motion for Protective Order" (Dkt. # 26).

IT IS SO ORDERED.

Dated this 22nd day of January, 2026.

Robert S. Lasnik
United States District Judge

ORDER ON PLAINTIFFS' MOTION TO COMPEL AND
DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 5